[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11035

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TRAYON ALPHONSE CAULTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:14-cr-00007-TFM-N-2

_____

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

With roughly seven months remaining on his 36-month term of supervised release, Trayon Caulton was arrested for driving under the influence in violation of state law. This offense violated multiple conditions of his supervised release. On a petition from Caulton's probation officer, the district court revoked the term of supervised release and sentenced Caulton to nine months' imprisonment followed by three months' supervised release. Caulton now appeals his sentence, contending that it is both procedurally and substantively unreasonable. After careful consideration, we affirm.

## I.

In 2014, Caulton pleaded guilty to stealing firearms from a federal firearms licensee in violation of 18 U.S.C. § 922(u). He was sentenced to 57 months' imprisonment and 36 months' supervised release. His supervised release term commenced on August 21, 2018, and it was set to expire on August 20, 2021, provided that Caulton abided by the conditions of his release.

He did not. On January 29, 2021, Caulton was arrested for driving under the influence. This DUI offense violated two conditions of his supervised release: (1) that he "shall not commit another federal, state, or local crime," and (2) that he "shall refrain from excessive use of alcohol." Caulton's probation officer

petitioned the district court for the revocation of his supervised release term because of these violations.

At the revocation hearing, Caulton filed a waiver of his statutory right to a revocation hearing in which he admitted the violations set forth in the probation officer's petition.  Caulton expressed his desire that the district court accept the probation officer's sentencing recommendation, which he maintained included only supervised release and no term of imprisonment.[1]  After the district court announced the sentence of nine months' imprisonment and three months' supervised release, Caulton objected.

Caulton argues on appeal that the district court failed to adequately consider and inappropriately weighed the sentencing factors under 18 U.S.C. § 3553(a).  We therefore address both the procedural and substantive reasonableness of Caulton's sentence.[2]

## II.

Caulton bears the burden of establishing that his sentence is unreasonable.  *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).  We generally review the reasonableness of a sentence

---

[1] In fact, Caulton's probation officer recommended a sentence of three months' imprisonment plus six months' supervised release.

[2] In his brief, Caulton states that he "believes the sentencing was procedurally correct but was not substantively correct."  But his argument that the "district court did not adequately state that the court considered all the § 3553(a) factors" is a procedural challenge.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

imposed upon revocation of supervised release for abuse of discretion. *See id.* at 935–36. If a defendant did not adequately object to the reasonableness of the sentence below, we review for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

The government contends that the plain-error standard should apply to Caulton's challenges because he failed to preserve his objections below. But Caulton adequately preserved his substantive reasonableness challenge by arguing that the district court should not sentence him to prison, so the abuse-of-discretion standard applies. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). And because we find that the district court did not commit a procedural error based on the arguments raised on appeal, we need not determine whether Caulton adequately preserved his objection to the procedural reasonableness of his sentence.

## III.

When a defendant violates the conditions of his supervised release, the district court has authority to revoke the term of supervised release and impose a term of imprisonment after considering most of the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3); *United States v. Gomez*, 955 F.3d 1250, 1257–58 (11th Cir. 2020). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to deter, to protect the public, and to provide the defendant with necessary training, care, and

treatment; the kind of sentence and the sentencing range established by applicable guidelines or policy statements; policy statements issued to further the purposes of sentencing; the need to avoid unwarranted sentence disparities among similarly situated defendants; and the need to provide restitution to victims. 18 U.S.C. § 3583(e); *see id.* § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

## A.

Caulton first argues that his sentence was procedurally unreasonable because the district court issued only a "superficial statement" that it considered the purposes of sentencing in § 3553(a)(2) and made only a "cursory reference" to § 3553(a). A district court commits a procedural error when it fails "to consider the § 3553(a) factors" or fails "to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see Vandergrift*, 754 F.3d at 1308. But "the district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (quotation omitted). Rather, it is "sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *Id.*

Here, the district court sufficiently indicated that it considered Caulton's arguments and the § 3553(a) factors at the revocation hearing. The district court stated multiple times that it considered Caulton's generally positive history and characteristics. But the district court explained that it must balance these attributes

with the need to protect society and to serve other objectives of supervision. The district court concluded that the sentence it imposed was appropriate for the statutory purposes listed in § 3553(a). It also stated that it considered the applicable provisions from Chapter 7 of the Sentencing Guidelines. The record makes clear that the district court sufficiently fulfilled these procedural obligations by considering Caulton's arguments and describing how it applied several § 3553(a) factors.

We note also that Caulton has abandoned any argument that the district court procedurally erred by considering certain purposes listed in 18 U.S.C. § 3553(a)(2)(A). The purposes listed in § 3553(a)(2)(A) are "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). While § 3583(e) lists the § 3553(a) factors that district courts must consider when modifying a term of supervised release, § 3553(a)(2)(A) is not included in that list. *Id.* § 3583(e). In this Circuit, it is an open question whether a district court procedurally errs by considering § 3553(a)(2)(A) when imposing a sentence after a supervised release violation. *See Vandergrift*, 754 F.3d at 1308. We have noted, however, that the text of § 3583(e) does not "*explicitly* forbid a district court from considering § 3553(a)(2)(A)." *Id.*

Caulton does not argue on appeal that the district court erred by considering these § 3553(a)(2)(A) purposes. Quite the opposite, he states that these purposes are among those that the district court must consider. He instead argues only that the district

court gave these purposes too much weight. Because Caulton has abandoned the argument that the district court erred by considering the § 3553(a)(2)(A) purposes, we will not address it here. *See, e.g.*, *United States v. Dougherty*, 754 F.3d 1353, 1358 (11th Cir. 2014). Based on the arguments Caulton properly raised on appeal, his sentence was not procedurally unreasonable.

## B.

Caulton next argues that the district court's sentence was substantively unreasonable. He says that the district court gave too much weight to the underlying DUI offense and insufficient weight to Caulton's favorable history and characteristics. A district court may abuse its discretion in determining a sentence if it fails to consider relevant factors that were due significant weight, gives significant weight to improper or irrelevant factors, or commits a clear error of judgment in balancing the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

The district court has substantial discretion when it balances the § 3553(a) factors, and it may accord "greater weight to one or more factors than to the others." *Gomez*, 955 F.3d at 1257. While we may disagree with the weight that the district court accorded each factor, we will only reverse "if we are left with the definite and firm conviction that the district court committed a clear error of judgment" and imposed "a sentence that lies outside the range

of reasonable sentences dictated by the facts of the case." *Id.* (quotation omitted).

Here, Caulton's sentence is substantially below the statutory maximum of 24 months' imprisonment authorized based on his original offense, which is an indicator of reasonableness. *See* 18 U.S.C. § 3583(e)(3); *Gomez*, 955 F.3d at 1260. His sentence is also within the sentencing range of three to nine months' imprisonment established by the applicable policy statement for his supervised release violations, given his criminal history category. U.S. Sentencing Guidelines § 7B1.4 (Nov. 2018). We expect that sentences within the applicable sentencing range will be reasonable. *See Gomez*, 955 F.3d at 1260.

Caulton has failed to dissuade us from finding his sentence reasonable. In the revocation setting, the focal offense is the supervised release violation, but the district court should also consider "to a limited degree" the underlying offense that resulted in the violation. *See* U.S.S.G. ch. 7, pt. A, intro. 3(b). The district court thus acted within its discretion in considering the underlying DUI offense when assessing the nature and circumstances of Caulton's supervised release violations and the other § 3553(a) factors that it must consider. The district court properly reasoned that the sentence imposed would serve the purposes of deterring supervised release violations and protecting the public from violations that jeopardize lives and property. The district court's decision not to

21-11035                 Opinion of the Court                      9

give overriding weight to the factors most favorable to Caulton does not render the sentence unreasonable.

**AFFIRMED**.